IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RANDALL SAMFORD, SR,** | § | |
| **#2032217,** | § | |
| PETITIONER, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:20-CV-2167-X-BK |
| | § | |
| **STATE OF TEXAS,** | § | |
| RESPONDENT. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* action was referred to the United States Magistrate Judge for case management, including findings and a recommended disposition where appropriate. As detailed here, Petitioner Randall Samford, Sr., filed a pleading titled *Affidavit of Corum[sic] Nobis Certiorari*. Upon review, this action should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.[1]

Samford, a Texas state prisoner, is currently serving a 15-year sentence for aggravated assault family violence with a deadly weapon. *State v. Samford*, No. 15355 (29th Jud. Dist. Ct., Palo Pinto County, Tex., Nov. 4, 2015), *aff'd*, No. 11-15-00309-CR, 2017 WL 4844442 (Tex. App.—Eastland Oct. 26, 2017, no pet.).[2] Samford's pleading is difficult to decipher, but as best as the Court can glean, Samford seeks to challenge his aggravated assault conviction. Doc. 3 at 1-11.

---

[1] Although Samford did not submit a motion to proceed *in forma pauperis* or pay the $5.00 filing fee, it is more efficient to dismiss the petition than to require compliance with this Court's filing requirements.

[2] The Texas Department of Criminal Justice Offender Information Details for Samford is available at https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=07165390.

Construing Samford's filing as a writ of *coram nobis* contesting his state conviction, this Court lacks jurisdiction. See *Back v. Amarillo Police Dep't*, 673 Fed. Appx. 458, 458–59 (5th Cir. 2017) (per curiam) (finding no "authority to grant *coram nobis* relief to a state prisoner seeking to attack a state court judgment"). Such writ must be filed in the state court of conviction. See *Sinclair v. State of Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982) (per curiam) ("It is well settled that the writ of error *coram nobis* is not available in federal court to attack state criminal judgments."); *Blake v. Florida*, 395 F.2d 758, 759 (5th Cir.1968) (per curiam) (concluding writ of *coram nobis* must be filed with the convicting court). However, to the extent Samford attempts to challenge his state court conviction on constitutional grounds, such claims are generally cognizable in a federal habeas corpus action <u>after exhaustion of state court remedies</u>. See 28 U.S.C. § 2254.[3]

For the foregoing reasons, the petition for writ of error *coram nobis* should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**SO RECOMMENDED** on August 18, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] A form petition for writ of habeas corpus under 28 U.S.C. § 2254 is available in the law library of the prison unit in which Samford is confined.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).